UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LYNN HINES, CDCR #BD-9688, <br><br>Plaintiff, <br><br>vs. <br><br>INTERNAL AFFAIRS, CDCR, et al., <br><br>Defendants. | Case No.: 3:18-cv-00849-GPC-JLB <br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

JAMES LYNN HINES ("Plaintiff"), currently incarcerated at California Medical Facility in Vacaville, California, and proceeding pro se, has filed a twelve-page document entitled "42 U.S.C. § 1983 Civil Rights Complaint," but his pleading is otherwise almost entirely illegible. *See* ECF No. 1.

**I.     Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a party's failure to pay

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court

this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence a civil action, and he has not filed a Motion to Proceed IFP in compliance with 28 U.S.C. § 1915(a). Therefore, no civil action can yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051. And while the Court would ordinarily grant Plaintiff leave to file an IFP motion pursuant 28 U.S.C. § 1915(a), it finds, for the reasons set out below, that doing so would be futile since Plaintiff is no longer entitled to that privilege, and his Complaint is frivolous.

## II. 28 U.S.C. § 1915(g)'s "Three-Strikes" Bar

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee" in installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter

---

Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

"*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

### III. Application to Plaintiff's Complaint

As an initial matter, the Court has reviewed Plaintiff's pleading and has ascertained that it contains no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

In fact, while Plaintiff's Complaint is illegible and practically incomprehensible, the few phrases the Court is able to decipher, including references to the Brass Rail Bar, O.J. Simpson's children, the Church of Jesus Christ of the Latter Day Saints, homosexuals, and homeless persons, also demonstrate it is clearly frivolous. *See* Compl., ECF No. 1 at 2-3, 6, 8; *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (a complaint "is frivolous if it has no arguable basis in fact or law."). A pre-answer screening of prisoner complaints is required under 28 U.S.C. § 1915A so that "the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v.*

*Ryan*, 762 F.3d 903, 908 n.1 (9th Cir. 2014) (quotation marks and citation omitted). Pursuant to 28 U.S.C. § 1915A, the court must "dismiss the complaint, or any portion of the complaint, if [it]—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018) (quoting 28 U.S.C. § 1915A(b)). A pleading like Plaintiff's is "factual[ly] frivolous[]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25-26 (1992). Section 1915 gives courts "the unusual power to pierce the veil" of a Complaint like Plaintiff's and to "dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327, 328).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff James Lynn Hines, aka Jackson Malloy, aka James Lynn O'Hines, currently identified as CDCR Inmate #BD-9688, but formerly also identified as CDCR Inmate #K-86988, and Arizona Department of Corrections Inmate ADC #197067, has had at least seven prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Hines v. City of San Diego Police Dep't, et al.*, Civil Case No. 3:00-cv-00969-K-LAB (S.D. Cal. June 21, 1999) (Order dismissing complaint for failure to state

a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & 1915A(b)(1)) (ECF No. 3) (strike one);[2]

    2) *Malloy v. Kowolski, et al.*, Civil Case No. 3:00-cv-01186-W-LAB (S.D. Cal. June 30, 2000) (Order dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)) (ECF No. 4) (strike two);

    3) *Hines v. Hissong, et al.*, Civil Case No. 3:00-cv-01177-JM-NLS (S.D. Cal. July 14, 2000) (Order dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)) (ECF No. 3) (strike three);

    4) *Malloy v. Corcoran Prison, et al.*, Civil Case No. 1:00-cv-05660-REC-DLB (E.D. Cal. July 11, 2000) (Findings and Recommendations ["F&Rs"] re Dismissal of Action as Frivolous pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)) (ECF No. 11); (E.D. Cal. Sept. 25, 2000) (Order Adopting F&Rs re Dismissal of Action as Frivolous) (ECF No. 12) (strike four);

    5) *Hines v. Jaffe, Inc., et al.*, Civil Case No. 3:00-cv-02078-W-CGA (S.D. Cal. Nov. 7, 2000) (Order dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)) (ECF No. 2) (strike five);

    6) *Malloy v. Galaza, et al.*, Civil Case No. 1:00-cv-05647-AWI-HGB (E.D. Cal. Nov. 8, 2000) (Memorandum Opinion and Order re Dismissal of Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)) (ECF No. 7); (E.D. Cal. Dec. 13, 2000) (Order dismissing action for failing to state a claim) (ECF No. 10) (strike six); and

    7) *Malloy v. Corcoran Prison, et al.*, Civil Case No. 1:99-cv-06647-REC-SMS (E.D. Cal. June 6, 2000) (F&Rs re Dismissal of Action as frivolous and for failure to state

---

[2] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

a claim pursuant to 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)) (ECF No. 15); (E.D. Cal. Dec. 15, 2000) (Order Adopting F&Rs in full and Dismissing Action with prejudice as frivolous and for failing to state a claim) (ECF No. 18) (strike seven).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed this case, he is not entitled to the privilege of proceeding IFP. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (noting that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## IV. Conclusion and Order

For the reasons explained, the Court:

(1) **DISMISSES** this civil action sua sponte for failure to pay filing fees required by 28 U.S.C. § 1914(a) and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1);

(2) **CERTIFIES** that an IFP appeal from this Order would also be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

(3) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: June 14, 2018

Hon. Gonzalo P. Curiel
United States District Judge